Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel  (310) 556-9620
Fax (310) 388-0270

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Domenic Covarelli, Doreen Covarelli, Gianna Covarelli and Andrea Covarelli<br><br>Plaintiffs,<br><br>v.<br><br>Northstar Location Services, LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## INTRODUCTION

1. Northstar Locations Services LLC utilizes one of the most egregious unfair collection tactics – harassment of family members of debtors.

2. Northstar Locations Services LLC harassed Domenic Covarelli and his family in an attempt to coerce payment of a debt.

3. This was not an isolated incident.

4. Northstar Locations Services LLC has a history of harassing family members of debtors to coerce payment of debts.

5. The case is brought to remedy and hold Northstar Locations Services LLC accountable for the embarrassment, humiliation, degradation, mental anguish and emotional distress inflicted upon Domenic Covarelli and his family.

## PARTIES

6. Plaintiffs, Domenic Covarelli, ("Domenic") and his wife Doreen Covarelli, ("Doreen"), and his daughters Gianna and Andrea are consumers from Discovery Bay, Contra Costa County, California.

7. Defendant, Northstar Location Services, LLC, ("NLS"), is a New York Limited Liability Company that maintains its principal place of business in Cheektowaga, New York.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), U.S.C. §1367(a). The Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims.

9. Pursuant to 28 U.S.C. §1391(b), venue is proper because the events that rise to this action occurred in this District.

## INTRA-DISTRICT ASSIGNMENT

10. Intradistrict assignment in this case is proper in Oakland because Plaintiffs reside in Contra Costa County.

## STATEMENT OF FACTS

11. <u>NLS uses</u> an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. Before NLS began contacting Domenic, it and Domenic had no prior business relationship and Domenic had never provided express consent to Domenic to be contacted on his cellular telephone.

13. NLS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

14. The principal source of NLS's revenue is debt collection.

15. NLS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. As described, *infra*, NLS contacted Domenic to collect a debt that was incurred primarily for personal, family, or household purposes.

17. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Domenic, Doreen, Gianna and Andrea are "consumers" as defined by 15 U.S.C. §1692a(3).

19. On several occasions, the dates of which will be discovered through discovery, NLS willingly and knowingly used an automatic telephone dialing system to call Domenic, Doreen, Gianna and Andrea on their cellular phones multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

20. Around August or September 2013, NLS began contacting Domenic on his personal cellular phone and personal home telephone in connection with the collection of the debt.

21. NLS knew Domenic's home address and telephone number.

22. Around September 2013, Domenic requested NLS cease further calls to Domenic.

23. Despite this request, NLS contacted Domenic, excessively, on his personal cellular phone and personal home telephone in connection with the collection of the debt.

24. NLS contacted Gianna and Andrea on their personal cellular phones in connection with the collection of the debt and both Gianna and Andrea informed NLS Domenic could not be reached at their numbers. In addition, Gianna and Andrea requested NLS cease further calls to Gianna and Andrea.

25. At the time of these communications, NLS already had Domenic's location information.

26. On at least one occasion, NLS disclosed to Gianna and Andrea that Domenic owed the debt.

27. Despite these requests, NLS continued to contact Gianna and Andrea on their cellular phones in connection with the collection of the debt.

28. On one occasion, NLS contacted Domenic's brother, Anthony, ("Brother") on brother's cellular phone in connection with the collection of the debt.

29. During this communication, NLS disclosed to Brother that Domenic owed the debt

30. At the time of this communication, NLS already had Domenic's location information.

31. On one occasion, NLS contacted Domenic's friend, Michael Temby, ("Friend"), in connection with the collection of the debt.

32. During this communication, NLS disclosed to Friend that Domenic owed the debt.

33. At the time of this communication, NLS already had Domenic's location information.

34. During one communication, Domenic asked NLS why NLS was contacting third parties about Domenic's personal business.

35. NLS rudely stated NLS could use any method NLS wanted to collect a debt.

36. NLS calls to Domenic's family and friend disclosing Domenic's debt was very embarrassing to Domenic and caused a strain on Domenic's family relationship.

37. Around October 2013, NLS contacted Domenic in connection with the collection of the debt.

38. During this communication, Domenic informed NLS Domenic did not have the funds to pay the debt in full.

39. During this communication, NLS rudely stated NLS knew Domenic owned a construction company and could afford to pay the debt.

40. The same day, NLS contacted Doreen on her personal cellular phone in connection with the collection of the debt.

41. During this communication, Doreen informed NLS Domenic could not afford to pay the debt and NLS implied Doreen was a liar.

42. NLS caused Domenic, Doreen, Gianna and Andrea severe emotional distress.

43. NLS attempted to collect a debt from Domenic and indirectly attempted collection from Doreen, Gianna and Andrea by using pressure tactics.

44. NLS violated the FDCPA and TCPA by unfairly and abusively directly attempting to collect from Domenic and unfairly and abusively directly attempting to collect from Doreen, Gianna and Andrea.

45. NLS has a history of persistent and frequent noncompliance with the FDCPA.

46. NLS has been sued more than 200 times since March 5, 2009 for violations of federal consumer credit law.

47. NLS engages in intentional noncompliance of the Fair Debt Collection Practices Act using the unfair and abusive collection tactic of unlawfully contacting third-parties including family to coerce consumers into paying debts.

48. For example, NLS communicated repeatedly with members of Raymond Karosas's family with the intent to annoy, abuse and harass. See *Karosas v. Northstar Location Services, LLC*, 13-cv-81094 (S.D. Fla.)

49. Around February 2013, NLS began placing repeated collection calls to Michael Baugher and his family members intended to intimidate, harass, and coerce him into to paying a debt. See *Baugher v. Northstar Location Services, LLC,* 13-cv-00397 (E.D. Va.)

50. NLS also called Tonya Saccardo's aunt and disclosed that she owed a debt. *See Saccardo v. Northstar Location Services, LLC*, 10-cv-11942 (D. Mass.).

51. The nature of NLS's noncompliance with the FDCPA is severe.

52. NLS harasses and attempts to collect directly and indirectly from family members of debtors.

53. Harassment of family members is one of the most "egregious" unfair collection practices. See *Todd v. Collecto, Inc*., 731 F.3d 734, 739 (7th Cir. 2013) citing *FTC v. Check Investors, Inc.*, 502 F.3d 159, 164 (3rd Cir. 2007).

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act For Domenic

54. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

55. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act for Domenic

56. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

57. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Domenic's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act for All Plaintiffs

58. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

59. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act for All Plaintiffs**

60. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

61. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violations of the Telephone Consumer Protection Act for All Plaintiffs**

62. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

63. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiffs' cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

64. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

65. Defendant violated California Civil Code § 1788.17 by violating provisions of 15 U.S.C. §1692. et. seq. as plead above.

## JURY DEMAND

66. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

67. Plaintiff prays for the following relief:

   a. Judgment in favor of Domenic against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to All Plaintiffs' cellular telephone numbers pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment in favor of all Plaintiffs against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. Judgment against Defendant for actual damages, statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30.

   e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:  /s/ Art Matthews
     One of Plaintiff's Attorneys


Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel (310) 556-9620
Fax (310) 388-0270

Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110